**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cathleen Matthews,<br><br>   Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>   Defendant. | No. CV-15-08297-PCT-DGC<br><br>**ORDER** |

  Plaintiff Cathleen Matthews seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Doc. 11. The parties agree that the ALJ's decision contains reversible error. The Commissioner asks the Court to remand for further proceedings, Doc. 12, while Matthews asks the Court to remand for an award of benefits, Docs. 11, 13. The Court will remand for further proceedings.

**I. Background.**

  Matthews is a 58-year-old female who previously worked as a certified nurse assistant. A.R. 20. She applied for disability insurance benefits and supplemental security income on March 26, 2014. A.R. 9. On November 4, 2015, the ALJ issued a decision that Matthews was not disabled within the meaning of the Social Security Act. A.R. 9-22. The decision applied the five-step evaluation process set forth at 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Matthews met the insured status

requirements of the Social Security Act through June 30, 2016, and that she had not engaged in substantial gainful activity since the alleged onset date. A.R. 11. At step two, the ALJ found that Matthews had the following severe impairments: left knee medial meniscus tear and depression. *Id.* At step three, the ALJ determined that Matthews did not have an impairment or combination of impairments that met or medically equaled an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. A.R. 12. At step four, the ALJ found that Matthews had the residual functional capacity to perform:

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that she can never climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. She can frequently balance, stoop, and crouch, and occasionally kneel and crawl. She must avoid concentrated exposure to extreme heat, fumes, odors, dusts, gases, and poor ventilation, hazardous machinery, and unprotected heights. She is capable of completing and sustaining simple work at a minimal level of social interaction required in a work setting. She has limitations in working with the general public. She can work in coordination with and in proximity to others without being distracted by them.

A.R. 14. The ALJ found Matthews unable to perform any of her past relevant work. A.R. 20. At step five, the ALJ concluded that, considering Matthews's age, education, work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that she could perform, including hand packager and hospital cleaner. A.R. 21. The Appeals Council denied Matthews's request for review, making the ALJ's decision the Commissioner's final decision. A.R. 1.

## II.   Legal Standard.

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole

and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

**III.  Analysis.**

Matthews argues that the ALJ erred by (1) failing to accurately cite, and incorporate into her residual functional capacity, the limitations identified by her treating physician, Dr. Ian Brimhall; and (2) entirely failing to address the recommendations and treatment notes of Dr. Robert Jeppson. She asks the Court to remand for an award of benefits. The Commissioner agrees that the ALJ committed harmful error by failing to properly incorporate the limitations identified by Dr. Brimhall, but does not agree that the ALJ erred by failing to address the evidence provided by Dr. Jeppson. The Commissioner asks the Court to remand for further proceedings. Thus, the issues on appeal are whether it was permissible for the ALJ to ignore Dr. Jeppson's evidence, and what type of remedy the Court should provide.

**A.  Dr. Jeppson's Evidence.**

Matthews consulted with Dr. Jeppson, a psychiatrist, on two occasions. A.R. 401-02, 516-17. In his treatment note for their April 4, 2014 consultation, Dr. Jeppson stated that Matthews's history was "strongly suggestive of hypothyroidism." A.R. 401. In his note for their October 23, 2014 consultation, Dr. Jeppson reported that Plaintiff continued to struggle with poor concentration, energy, and motivation as a result of her depression. A.R. 516. He noted that she had been "unable to tolerate antidepressant [medications]," which had made it difficult to provide effective treatment for her symptoms. *Id.* He observed that her affect was "somewhat blunted," her mood was "depressed," and that she appeared to be "psychomotorically retarded." *Id.* He concluded that these struggles would "prevent her from succeeding at a work setting," and recommended that she not "attempt to work for the foreseeable future as the stress and likely failure will worsen her clinical status and [side-effects]." *Id.*

The ALJ entirely failed to discuss Dr. Jeppson's treatment notes. His name does not appear in the ALJ's opinion at all. The Commissioner sees no problem with this. She quotes *Howard ex rel. Wolff v. Barnhart* for the proposition that "the ALJ does not need to discuss every piece of evidence," 341 F.3d 1006, 1012 (9th Cir. 2003), and *Rounds v. Commissioner* for the proposition that the ALJ may "rely on specific imperatives regarding a claimant's limitations, rather than recommendations," 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Carmickle v. Comm'r*, 533 F.3d 1155, 1165 (9th Cir. 2008). Doc. 12 at 3. Matthews counters that the ALJ was required to consider Dr. Jeppson's note because it is a medical opinion. Doc. 13 at 2.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). A treatment note constitutes a medical opinion if it includes the type of information described in this regulation. *Winschel v. Comm'r*, 631 F.3d 1176, 1179 (11th Cir. 2011) ("The Commissioner argues that the ALJ was not required to consider the treating physician's treatment notes because they did not constitute a 'medical opinion,' but this argument ignores the language of the regulations."); *cf. Moua v. Colvin*, 541 F. App'x 794, 797 (10th Cir. 2013) (treatment note that simply documented patient's complaints and prescribed treatments was not a medical opinion).

Dr. Jeppson's treatment notes reflect his judgment about the nature and severity of Matthews's impairments, her diagnosis and prognosis, and what she could still do despite those impairments. Therefore, the notes constitute a medical opinion. The ALJ was not at liberty to disregard them. 20 C.F.R. § 404.1527(c) ("we will evaluate every medical opinion we receive").

The Commissioner's cases do not change this analysis. Although an ALJ is not required to address every piece of evidence, he is required to address medical opinions provided by treating or examining physicians. *See Cotton v. Bowen*, 799 F.2d 1403, 1408

1  (9th Cir. 1986) (these opinions may be rejected only if the ALJ provides "a thorough
2  summary of the facts and conflicting clinical evidence").  And although an ALJ may rely
3  on specific imperatives rather than recommendations, he must at least indicate that he is
4  doing so and explain which specific imperatives he finds more persuasive.

### B. Remedy.

The Commissioner argues that the Court should remand for further proceedings because, even crediting as true Dr. Brimhall's exertional limitations, it is unclear whether Matthews is disabled.  The Commissioner also argues that remand is necessary to resolve uncertainty over whether Matthews's knee-related limitations will improve.

#### 1. Exertional Limitations.

Dr. Birmhall opined that Matthews "may lift up to 50 lbs at one time, should not lift [more than] 10 pounds with any frequency."  A.R. 538.  The ALJ misinterpreted this opinion as stating that Matthews could lift up to 50 pounds occasionally and 7-10 pounds frequently.  Doc. 12 at 2.  Matthews asks the Court to credit as true Dr. Brimhall's findings and remand for an award of benefits.

Where an ALJ fails to provide adequate reasons for rejecting evidence of a claimant's disability, the Court must credit that evidence as true.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  An action should be remanded for an immediate award of benefits when the following factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) the ALJ would be required to find the claimant disabled if the improperly discredited evidence were credited as true.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (internal citations omitted).  There is "flexibility" which allows "courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled."  *Id.*

Matthews argues that Dr. Brimhall's findings, credited as true, establish that she is

disabled under Medical-Vocational Rule 202.02.  That rule provides that an individual is disabled if she is limited to light work, of advanced age, and has work experience that is skilled or semiskilled with nontransferable skills.  20 C.F.R. § Pt. 404, Subpt. P, App. 2.  The Commissioner argues that this rule cannot be mechanically applied because Matthews's exertional limit is somewhere between light and medium work.  Doc. 12 at 7.

"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c).  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  § 404.1567(b).  Crediting Dr. Brimhall's limitations as true, Matthews "may lift up to 50 lbs at one time, should not lift [more than] 10 pounds with any frequency."  A.R. 538.  Matthews is not capable of medium work because she cannot engage in frequent lifting or carrying of objects weighing up to 25 pounds.  But she may be able to do more than light work, because she is not limited to lifting 20 pounds at a time.

Matthews's exertional limit is somewhere between light and medium work.  Thus, consultation with a vocational expert is necessary to determine whether Matthews is disabled.  SSR 83-12, 1983 WL 31253, at *3; *Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000) ("SSR 83-12 directs that when a claimant falls between two grids, consultation with a VE is appropriate.").[1]

### 2. Duration of Knee-Related Issues.

Dr. Brimhall's medical opinion stated that Matthews's knee-related limitations were "likely temporary" and would "improve in the future to some degree."  A.R. 538.  The Commissioner argues that remand is necessary to clarify this issue.  Doc. 12 at 5.  Matthews counters that clarification is unnecessary because the record already supports limitations lasting for more than 12 months.  Doc. 13 at 2-3; *see* 42 U.S.C. § 423(d)(1) (disability claimant must establish a debilitating condition that "has lasted or can be

---

[1] Remand is also necessary because it is unclear whether Matthews's skills are transferrable.  *See* A.R. 20 (declining to address this question).

- 6 -

expected to last for a continuous period of not less than 12 months"). The record indicates, and the ALJ found, that Matthews suffered a tear of the medial meniscus and a bone contusion involving the medial femoral condyle and medial tibia plateau regions in early 2014. A.R. 15-16, 353, 417. Dr. Brimhall provided his opinion more than a year later, in August 2015. A.R. 537-38. Because there is support in the record for 12 months of limitation, there is no need to clarify the issue on remand.

### IV. Conclusion.

The parties agree that if the Court remands for further proceedings, it should instruct the ALJ to conduct a new hearing. Docs. 12 at 7-8; 13 at 3. The Court agrees that a new hearing is appropriate. At such a hearing, the ALJ should reassess Matthews's residual functional capacity in light of Dr. Brimhall's opinion, and address the evidence from Dr. Jeppson discussed above.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 4th day of May, 2016.

David G. Campbell
United States District Judge